FIRST NATIONAL BANK OF KENMORE, N. Y., Appellant, v. SAMUEL FRANKEL, Respondent.

Fourth Department, March 21, 1932.

*Harold V. Cook [John W. Ryan* of counsel], for the appellant.

*Israel Rumizen,* for the respondent.

PER CURIAM. We reach the conclusion that the defendant in his first separate affirmative defense contained in the answer sufficiently alleges that the plaintiff, its officers and the United Customers, Inc., acting in concert by fraudulent representations, induced the purchase from them by the defendant of 1,100 shares of the capital stock of the United Customers, Inc., for the sum of $12,100, and as a part of the same transaction the plaintiff lent the defendant $12,100, which the defendant paid to the vendors as the consideration for the purchase, and the plaintiff as a part of the same transaction took from the defendant a promissory note for $15,000, which included the defendant's promise to repay the $12,100 lent him as stated, and the plaintiff also held as security for such note the certificates for the 1,100 shares of United Customers', Inc., stock purchased, as well as other securities belonging to the defendant. The answer also sufficiently alleges that upon discovery of the fraud, defendant elected to rescind the entire transaction and demanded from the plaintiff the return of the note and his securities. As the stock upon rescission would belong to the vendors, including the plaintiff, who were in possession of the certificates, the simple notification of the plaintiff and the other vendors of the defendant's election to rescind was sufficient to accomplish rescission and place the plaintiff and the other vendors in *statu quo.* Thereupon the obligation of the defendant to repay the $12,100 which was lent by plaintiff to the defendant and used by him to pay the plaintiff and the other vendors the purchase price, and which was included in the $15,000 note, was at an end. The facts alleged are, therefore, sufficient to constitute a defense. Even greater relief, such as the cancellation of the note or its replacement

by one for $2,900 as well as the repayment to the defendant by the plaintiff of some or all of the amount paid by the defendant on account of his note and the surrender of some or all of defendant's securities, might possibly have been obtained if the defendant had interposed an equitable counterclaim.

As to the second alleged affirmative defense and counterclaim, we find it insufficient in law as damages are not adequately alleged, inasmuch as it is not stated that the stock purchased was not worth the amount paid for.

The order should, therefore, be modified by granting the motion in so far as it relates to the second separate defense and counterclaim, and affirming the order as so modified, without costs, with leave to the defendant to serve an amended answer if he elects to do so within twenty days.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order modified by granting the motion in so far as it relates to the second separate defense and counterclaim, and as so modified affirmed, without costs of this appeal to either party, with leave to the defendant to serve an amended answer within twenty days.