First National Bank of Kenmore, N. Y., Respondent, v. Samuel Frankel, Respondent, and Matthew D. Young and Others, Appellants.

Per Curiam. As we read the answer of the defendant Frankel, particularly paragraph No. 16, which is alleged in the affirmative defense, and realleged in the counterclaim, the defense is based on a rescission. Under that defense defendant Frankel's only remedy is to be placed in statu quo. (See this same case, 235 App. Div. 96.) The counterclaim for damages can rest on no theory but that of a ratification of the contract and is inconsistent with the theory of rescission. Neither the defense based on rescission, nor the counterclaim for damages is equitable in character. Only an action or counterclaim to compel a rescission is equitable. Defendant's affirmative defense, based on a rescission of the contract, and his counterclaim for damages, which must rest on a ratification of the contract, are inconsistent with each other, and indeed the counterclaim contains paragraphs inconsistent with one another, for it realleges the rescission, as set forth in paragraph 16, and demands damages, which can only be had on the theory of a ratification of the contract. In paragraph 16 of the answer defendant Frankel speaks of the " stock of the United Customers, Inc., which the plaintiff and said " defendants [Young, Blair and Jarvis] " sold to this defendant." From other parts of the answer it might be inferred that defendant Frankel bought his stock from the United Customers, Inc. If the latter should prove to be true a rescission of the contract between defendant Frankel and the plaintiff bank might not reach the result hoped for by said defendant Frankel. All concur. Order reversed on the law, with ten dollars costs and disbursements, and motion granted dismissing counterclaim as to defendants Young, Blair and Jarvis, with ten dollars costs.